PEOPLE *v.* HUGHES.

1. ASSAULT—EVIDENCE—RES GESTÆ.

In a prosecution for an assault and battery alleged to have
been committed by the proprietor of a house where a spirit-
ualistic seance was being held, upon one who had been invited
there to investigate, evidence that prior to the assault, which
was provoked by the investigator's striking a match, the
medium had been tied to a chair, and a "dark circle" formed,
was admissible as part of the *res gestæ.*

2. SAME—WITNESSES TO AFFRAY—EXAMINATION—DUTY OF PROS-
ECUTOR.

Upon a trial for assault and battery, the prosecuting attorney
does all that is required of him when he calls the witnesses
who were present at the time the offense is claimed to have
been committed, swears them on behalf of the people, and
tenders them to the defense for cross-examination.

3. SAME—RELIGIOUS MEETINGS—DISTURBANCE.

An assault upon one who had been invited to attend a spir-
itualistic seance for the purpose of investigating the same
cannot be justified upon the ground that he was disturbing a
religious meeting, if he was doing nothing not reasonably cal-
culated to carry out the purpose for which he was invited.

4. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

Respondent cannot complain of the court's failure to give a
specific request to charge if the subject-matter of the request
was sufficiently covered in the general charge.

Exceptions before judgment from Hillsdale; Lane, J.
Submitted January 28, 1898.   Decided March 1, 1898.

Fred Hughes was convicted of assault and battery.
Conviction affirmed.

Respondent was convicted of assault and battery in the
justice's and circuit courts.   The assault was committed at
respondent's house, at a spiritualistic seance.   The com-
plaining witness, Gordon, testified that he had been in-

vited by respondent to come to his house to see and investigate these seances. The lights had been turned out, and what is called the "dark circle" formed. The medium had been tied to the chair, and Mr. Gordon sat at his back. Gordon's feet came in contact with the medium's chair, which was moving a little. Gordon struck some matches, when, as he testified, respondent attacked him, threw him to the floor, and choked him. Respondent denied the assault.

*John F. Steward* and *Grant Fellows*, for appellant.

*W. H. Frankhauser*, Prosecuting Attorney, for the people.

GRANT, C. J. (*after stating the facts.*) 1. Error is assigned upon the refusal of the court to strike out certain testimony of the witness Gordon relating what occurred just previous to the assault,—the tying of the medium, etc.,—and also what was said immediately after the assault. This was admissible as part of the *res gestæ.*

2. The prosecuting attorney called certain witnesses who were present, asked them a few questions, but not as to the alleged assault, and then turned them over to the respondent's attorney for cross-examination, who demanded that the prosecuting attorney be compelled to examine them as to the affray. The court refused the demand, and respondent's attorney then examined them, and elicited from them some testimony favorable to the respondent. Having produced the witnesses, and had them sworn in behalf of the people, and tendered them to the respondent for cross-examination, the prosecutor did all that the law required. *People* v. *Deitz*, 86 Mich. 430.

3. Error is assigned upon the refusal of the court to give the following request:

"If this was a religious meeting, and Gordon created any disturbance according to the ceremonies of that society or sect, Hughes would have had the right to suppress that disturbance, and any reasonable force to that

116 MICH.—6.

end would not be assault and battery; and, under such circumstances, your verdict must be 'not guilty.' "

Upon his oral charge the court instructed the jury that, if Gordon was invited there to investigate, he had a right to use reasonable means for that purpose, and any assault upon him while so doing would be unlawful. After instructing the jury fully on this theory, he then instructed them as follows:

" But if he [Gordon] was not asked there to investigate, but was simply asked to come to the house there to attend a meeting of that kind, and it was a meeting, so far as this respondent, Mr. Hughes, was concerned, which was fair and honorable in its character, it would be the duty of a person who came there under such circumstances to observe proper decorum, not to rudely interfere with the proceedings and religious rite, which, so far as this respondent was concerned, was being held in good faith. * * * He would not have a right to do those things which would interfere with the comfort and peace and enjoyment of other persons who might be there for honest purposes. And if he did do things of that character, whether it was a religious meeting or whether it was not, I think this respondent would have a right to use reasonable means to restrain such conduct. * * * If he only went so far as seemed to him at the time to be reasonably necessary to preserve decorum there in his own house, and protect the comfort and peace of those whom he had invited to his house there, then I think he would be justified in what he did."

The oral charge sufficiently covered the request and the respondent's theory.

4. Error is assigned upon certain remarks of the prosecuting attorney. We find nothing in them to justify a reversal of the case.

Conviction affirmed.

The other Justices concurred.